IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Tamel Davis, #326984, | ) | C/A No.: 1:13-2649-DCN-SVH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| Larry Cartledge, Warden of Perry Correctional Institution, | ) ) | |
| | ) | |
| Respondent. | ) | |

Petitioner Tamel Davis is an inmate at the Perry Correctional Institution of the South Carolina Department of Corrections who filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.) for a Report and Recommendation on Respondent's motion for summary judgment and return, as amended. [Entry #9, #10]. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Petitioner of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to Respondent's motion by December 27, 2013. [Entry #11]. On December 10, 2013, Petitioner filed his own motion for summary judgment, which the court interprets as a response to Respondent's motion for summary judgment. [Entry #13]. Respondent filed a response to Petitioner's motion for summary judgment on December 20, 2013. [Entry #15].

Having carefully considered the parties' submissions and the record in this case, the undersigned recommends that Respondent's motion for summary judgment be granted and

Petitioner's motion for summary judgment be denied. The court grants Respondent's motion to amend/correct its return and memorandum to correct a typographical error. [Entry #14].

I.   Factual and Procedural Background

Petitioner was indicted by the Richland County Grand Jury during the April 2006 term of court for grand larceny (2006-GS-40-12686), kidnapping (2006-GS-40-12687), and two counts of armed robbery (2006-GS-40-12688 and -12689). [Entry #10-4 at 57–64]. Melissa Kimbrough, Esq., represented Petitioner at a jury trial on March 3–5, 2008, before the Honorable G. Thomas Cooper, Circuit Court Judge. [Entry #10-1 at 3 *et seq.*]. After the jury found Petitioner guilty on each of the four counts, Judge Cooper sentenced him to life without parole (LWOP) on each of the kidnapping and armed robbery convictions and to 10 years on the grand larceny conviction. [Entry #10-4 at 55]. Petitioner did not file a direct appeal.

On June 9, 2008, Petitioner filed an application for post-conviction relief ("PCR") [Entry #10-4 at 69–73], in which he alleged the following ineffective assistance of counsel claim: "Applicant's defense counsel was ineffective for failing to timely serve notice of intent to appeal on the solicitor. Applicant is therefore entitled to a belated direct appeal. U.S. Const. Amend. V, VI, XIV; *Strickland v. Washington*, 466 U.S. 668 (1984)." [Entry #10-4 at 70]. Through his PCR counsel, Jeremy A. Thompson, Esq., Petitioner filed an amended PCR application on March 30, 2009, asserting the following ineffective assistance of counsel claims:

2

(1) Defense counsel was ineffective for failing to file a Notice of Appeal for the Applicant following his convictions;
(2) Defense counsel was ineffective for failing to ask for a continuance prior to trial;
(3) Defense counsel was ineffective for failing to adequately prepare the Applicant's testimony;
(4) Defense counsel was ineffective for failing to move for a mistrial during the testimony of Walter Bales;
(5) Defense counsel was ineffective for failing to highlight the import of Officer Fisher's testimony to the jury;
(6) Defense counsel was ineffective for failing to renew her objection to the identification of the defendant by the State's witness;
(7) Defense counsel was ineffective for failing to advise the Applicant that a life without parole sentence would be mandatory if he was to be convicted at trial;
(8) Defense counsel was ineffective for failing to object to the improper use of the Applicant's prior conviction for attempted armed robbery.

[Entry #10-4 at 74–75].

A PCR evidentiary hearing was held before the Honorable Casey L. Manning, Circuit Court Judge, on April 3, 2009, at which Petitioner and his PCR counsel appeared. [Entry #10-4 at 89–155]. On June 23, 2009, Judge Manning issued an order of dismissal. [Entry #10-4 at 156–73]. PCR counsel filed a motion for reconsideration. [Entry #10-4 at 174–81]. By order filed March 10, 2010, Judge Manning denied the motion without oral argument. [Entry #10-4 at 184–86].

Petitioner appealed from the denial of PCR and was represented by Kathrine H. Hudgins, Esq., of the South Carolina Commission on Indigent Defense, Division of Appellate Defense. Attorney Hudgins filed a petition for writ of certiorari in the South Carolina Supreme Court on February 2, 2011. [Entry #10-5]. The petition raised the following issues:

1. Did the PCR judge correctly find that petitioner was entitled to a belated direct appeal of his conviction after jury trial and sentence to life without parole?

2. Did the PCR judge err in refusing to find counsel ineffective for failing to emphasize in cross examination and closing argument the fact that Officer Fisher testified that he apprehended the passenger of the vehicle when a critical issue at trial was the identity of the driver as the gunman, the State alleged that petitioner was the driver/gunman but the only person apprehended by Officer Fisher was the petitioner and petitioner maintained that he was the passenger and was acting under duress by the driver/gunman at the time of the armed robberies?

3. In a trial involving two counts of armed robbery, was trial counsel ineffective in questioning petitioner about his prior conviction for attempted armed robbery before asking the judge to rule on the admissibility of the prior conviction?

[Entry #10-5 at 3].

In an unpublished opinion filed May 22, 2013, the South Carolina Court of Appeals granted certiorari on Petitioner's Question One and proceeded with a review of the direct appeal issue, affirming Petitioner's conviction pursuant to South Carolina law. [Entry #10-8]. The court denied the petition as to Questions Two and Three. *Id.* The remittitur issued on June 10, 2013. [Entry #10-9].

Petitioner filed this federal petition for a writ of habeas corpus on September 23, 2013.[1]  [Entry #1].

II. Discussion

    A. Federal Habeas Issues

Petitioner asserts he is entitled to a writ of habeas corpus on the following claims of ineffective assistance of counsel:

---

[1] The petition was received by the court on September 26, 2013, and docketed on September 27, 2013. However, because Petitioner is incarcerated, he benefits from the "prison mailbox rule." *Houston v. Lack*, 487 U.S. 266 (1988). The date stamp on his envelope reflects his petition was deposited in the Perry Correctional mailing system on September 23, 2013. [Entry #1-2 at 1].

4

**Ground One**: In a trial involving two counts of Armed Robbery, was counsel ineffective for failing to move for the exclusion of a prior conviction for attempted armed robbery and questioning Petitioner about the prior conviction before asking the judge to rule on its admissibility?

<u>Supporting Facts</u>: Petitioner was on trial for two Armed Robberies. Petitioner was convicted of Attempted Armed Robbery in 2004 after he pled guilty. Counsel was ineffective for failing to move for exclusion of the prior conviction and introducing that evidence once Petitioner took the witness stand. Petitioner was prejudiced by counsel's deficient performance.

**Ground Two**: Did the PCR Judge err in refusing to find counsel ineffective for failing to emphasize in cross examination and closing argument the fact that Ofc. Fisher testified that he apprehended the passenger of the vehicle when a critical issue at trial was the identity of the driver being the gunman the state alleged that Petitioner was the driver/gunman but the only person apprehended by Ofc. Fisher was Petitioner and Petitioner maintained that he was the passenger and was acting under duress by the driver/gunman at the time of the armed robberies?

<u>Supporting Facts</u>: Counsel was ineffective for failing to emphasize in cross examination and closing argument the fact that Ofc. Fisher, a witness for the state, testified that he apprehended the passenger of the vehicle when a critical issue at trial was the driver was the gunman. The state alleged that Petitioner was the driver/gunman. Petitioner's defense was that he was acting under duress. Petitioner was prejudice by counsel's performance.

[Entry #1 at 5–8].

    B.    Standard for Summary Judgment

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson*

5

*v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. At the summary judgment stage, the court must view the evidence in the light most favorable to the non-moving party and draw all justifiable inferences in its favor. *Id*. at 255. However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. *See* Fed. R. Civ. P. 56(e).

    C.    Habeas Corpus Standard of Review

        1.    Generally

Because Petitioner filed his petition after the effective date of the AEDPA, review of his claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Noland v. French*, 134 F.3d 208, 213 (4th Cir. 1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable application of the facts in

light of the evidence presented at the state court proceeding. 28 U.S.C. § 2254(d)(1)(2); *see Williams v. Taylor*, 529 U.S. 362, 398 (2000). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id*. at 410. Moreover, state court factual determinations are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

Respondent concedes that Petitioner timely pursued and exhausted his claims in Grounds One and Two.

### 2.    Ineffective Assistance of Counsel Claims

To prevail on his ineffective assistance of counsel claims, Petitioner must show (1) that his trial counsel's performance fell below an objective standard of reasonableness, and (2) that a reasonable probability exists that but for counsel's error, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 694 (1984). The court must apply a "strong presumption" that trial counsel's representation fell within the "wide range of reasonable professional assistance," and the errors must be "so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment." *Harrington v. Richter*, 131 S.Ct. 770, 787 (2011). This is a high standard that requires a habeas petitioner to show that counsel's errors deprived him "of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687. That the outcome would "reasonably likely" have been different but for counsel's error is not dispositive of

the prejudice inquiry. Rather, the court must determine whether the result of the proceeding was fundamentally unfair or unreliable. *Harrington*, 131 S.Ct. at 787–88; *Strickland*, 466 U.S. at 694.

The United States Supreme Court has cautioned that "'[s]urmounting *Strickland*'s high bar is never an easy task[,]' . . . [e]stablishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult." *Harrington*, 131 S.Ct. at 788 (quoting *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010)). When evaluating an ineffective assistance of counsel claim, the petitioner must satisfy the highly deferential standards of 28 U.S.C. § 2254(d) and *Strickland* "in tandem," making the standard "doubly" more difficult. *Harrington*, 131 S.Ct. at 788. In such circumstances, the "question is not whether counsel's actions were unreasonable," but whether "there is any reasonable argument that counsel satisfied *Strickland*'s deferential standards." *Id.* The unreasonableness of the state court determination must be "beyond any possibility of fairminded disagreement." *Id.* at 787. "If this standard is difficult to meet, that is because it was meant to be." *Id.* at 786. Section 2254(d) codifies the view that habeas corpus is a "'guard against extreme malfunctions in the state criminal justice system,' not a substitute for ordinary error correction through appeal." *Id.* (quoting *Jackson v. Virginia*, 443 U.S. 307, 332 n. 5 (1979)).

D.   Analysis

1.   Ground One

In Ground One, Petitioner alleges that trial counsel was ineffective for failing to move to exclude Petitioner's prior conviction of attempted armed robbery and for introducing that evidence when Petitioner was on the witness stand. When Petitioner took the stand during his trial, trial counsel asked him about his prior conviction in the following exchange:

Q:   . . . And let me just go ahead and get this out of the way. Have you ever been in trouble before?
A:   Yes, ma'am.
Q:   Okay. Tell me about that.
A:   I was 16, was charged with attempted armed robbery.
Q:   Okay.
A:   I pled guilty.
Q:   Okay. You pled guilty?
A:   Yes, ma'am.
Q:   Why did you plead guilty?
A:   Because I was guilty.

[Entry #10-3 at 30].

At the PCR hearing, trial counsel explained her strategy of having Petitioner disclose his prior conviction, stating:

> To be honest with you I thought it was coming in and that may, that may, have been erroneous on my part. I thought it was helpful, you know, if it was going to come in at least it would, it would, be helpful for the jury to understand that, you know, he got up there and said he plead guilty, you know, he didn't, he didn't, lie, he was responsible for it, he took responsible for it. So I thought it was coming in and I figured we could, you know, minimize the impact that way.

[Entry #10-4 at 96–97].

9

The PCR court found trial counsel's testimony to be credible. [Entry #10-4 at 164]. The PCR court also established that trial counsel's belief that Petitioner's prior conviction was "coming in" was not erroneous because that evidence was automatically admissible under state evidence law. [Entry #10-4 at 165]. The PCR court explained:

> The South Carolina Court of Appeals has stated that "Rule 609(a)(2) [SCRE] provides for automatic admission of evidence of a prior crime of dishonesty without the balancing of probative value against prejudicial effect . . . There is absolutely no language in Rule 609(a)(2) compelling a balancing test for admission in regard to a crime of dishonesty." *State v. Al-Amin*, 353 S.C. 405, 446, 578 S.E.2d 32, 43 (Ct. App. 2003) cert denied. Further, armed robbery has been specifically identified as a crime of dishonesty that is automatically admissible as impeaching evidence under Rule 609(a)(2) SCRE.

[Entry #10-4 at 185]. The PCR court concluded that trial counsel was not ineffective for failing to move to exclude the prior conviction. *Id.*

The PCR court found that "the evidence was automatically admissible. Therefore, this Court finds that Counsel was not ineffective for failing to move to exclude this prior conviction." [Entry #10-4 at 185]. Respondent argues that the PCR court's finding that evidence of Petitioner's prior conviction was automatically admissible under state law is dispositive of the ineffective assistance of counsel claim. *See Hough v. Anderson*, 272 F.3d 878, 898 (7th Cir. 2001) ("An ineffective assistance claim based on a failure to object is tied to the admissibility of the underlying evidence. If evidence admitted without objection was admissible, then the complained of action fails both prongs of the *Strickland* test. . . .").

In his motion/response, Petitioner alleges that the PCR court was incorrect in finding that the prior conviction evidence was automatically admissible. Specifically,

10

Petitioner argues that the PCR court erred in relying on *Al-Amin* because after *Al-Amin* and before Petitioner's trial, the South Carolina Supreme Court decided *State v. Bryant*, 633 S.E.2d 152 (S.C. 2006), where the court noted "a conviction for robbery, burglary, theft, and drug possession, beyond the basic crime itself, is not probative of truthfulness[,]" *Bryant*, 633 S.E.2d at 155 (citing *United States v. Smith*, 181 F.Supp.2d 904 (N.D. Ill. 2002)). Petitioner asserts that the court held that such crimes were not probative of truthfulness, but Respondent points out that the issue in *Bryant* was "whether the prior firearms convictions involve dishonesty or false statements so as to be admissible without weighing the probative value of their admission with its prejudicial effect," *Id.* Respondent argues that the *Bryant* court's statement regarding whether robbery, burglary, theft, and drug possession were probative of truthfulness was merely dicta and not binding in future cases.   Petitioner also cites to *State v. Broadnax*, 736 S.E.2d 688 (S.C. Ct. App. 2013), in support of his contention that the PCR court erroneously applied *Al-Amin* in light of the *Bryant* decision. In *Broadnax*, the South Carolina Court of Appeals considered whether "the trial court err[ed] in admitting Broadnax's three prior armed robbery convictions for impeachment purposes pursuant to Rule 609(a)(2)." *Broadnax*, 736 S.E.2d at 691. "After careful consideration of previous case law, [the court took] this opportunity to follow *Bryant* in deciding these prior armed robberies, without more, are not crimes of dishonesty." *Id.* at 692. Respondent argues that the issue decided in *Broadnax* is not settled, as the state is challenging the *Broadnax* decision, and a petition for certiorari is currently pending in the South Carolina Supreme Court. *See* Entry #15-1. Respondent

11

argues that the *Broadnax* decision illustrates that it was not clear at the time of Petitioner's PCR proceeding that the law set forth in *Al-Amin* was not good law in light of *Bryant*, as that question has only recently been decided by the Court of Appeals and has yet to be decided by the South Carolina Supreme Court. Respondent argues that, contrary to Petitioner's claim, the PCR court's application of *Al-Amin* in 2010 was not an erroneous application of state law.

The undersigned agrees with Respondent that it was not an unreasonable application of federal law for the PCR court to find that trial counsel was not ineffective for failing to have evidence of Petitioner's prior conviction excluded. *See Richardson v. Branker*, 668 F.3d 128, 142 (4th Cir. 2012) ("When a claim of ineffective assistance of counsel raised in a habeas corpus petition involves an issue unique to state law . . . a federal court should be especially deferential to a state post-conviction court's interpretation of its own state laws. Indeed, we have held that it is beyond the mandate of federal habeas courts to correct the interpretation by state courts of a state's own laws.") (internal quotations and citations omitted). At the time of Petitioner's trial and PCR proceedings, *Al-Amin* stated that "armed robbery is a crime of dishonesty under Rule 609(a)(2)." *Al-Amin*, 578 S.E.2d at 43. *Bryant* appears to have been concerned with whether a firearms conviction was admissible under Rule 609(a)(2), and mentioned in passing and/or dicta that "a conviction for robbery, burglary, theft, and drug possession, beyond the basic crime itself, is not probative of truthfulness." *Bryant*, 633 S.E.2d 155. To the extent that this issue remains percolating in the state court system, the undersigned cannot find as a matter of law it was

an unreasonable application of federal law for the PCR court to find that trial counsel was not ineffective for failing to have evidence of Petitioner's prior conviction excluded. *See Barbe v. McBride*, 521 F.3d 443, 452 (2008) ("in considering federal habeas corpus issues involving state evidentiary rulings, we do not sit to review the admissibility of evidence under state law unless erroneous evidentiary rulings were so extreme as to result in a denial of a constitutionally fair proceeding") (internal quotations omitted).

Independently, the PCR court found that trial counsel articulated a strategic reason for bringing the prior conviction out on direct examination: that it would be "beneficial, as trial counsel expected the evidence to be admitted to the record at some point, to highlight Petitioner's cooperation and plea in the prior conviction." [Entry #10-4 at 185]. *See Strickland*, 466 U.S. at 689 (noting that a reasonable trial strategy is not a basis for ineffective assistance); *Sexton v. French*, 163 F.3d 874, 887 (4th Cir. 1998) ("Obviously, this tactical decision made by . . . trial counsel cannot be second-guessed by this court . . . ."); *Fitzgerald v. Thompson*, 943 F.2d 463, 469 (4th Cir. 1991) ("[T]rial counsel made reasonable tactical decisions that should not now be second-guessed on collateral review.").

The undersigned finds that Petitioner has failed to overcome the deferential standard of review accorded the state PCR court's determination of this issue and has failed to demonstrate that his counsel's performance was otherwise deficient. Petitioner has not shown that the state court's analysis of this issue misapplied clearly established federal law or, even if there was an error, that it was unreasonable. *See Williams*, 529 U.S. at 410.

Based on the foregoing, Petitioner is not entitled to federal habeas relief on Ground One and it is recommended that it be dismissed.

    2.    Ground Two

In Petitioner's second claim, he asserts that trial counsel was ineffective for failing to capitalize on Officer Fisher's testimony that he arrested Petitioner, the passenger in a vehicle, where the state's theory was that the driver of the vehicle was the gunman in the armed robbery. Petitioner alleges that trial counsel was ineffective for failing to emphasize during her cross examination of Fisher and during closing argument the discrepancy between Fisher's testimony and the state's theory of the case. Petitioner has not responded to Respondent's motion for summary judgment on Ground Two.

At the PCR hearing, PCR counsel highlighted the testimony of John Basil, a victim of the armed robbery. [Entry #10-4 at 106–07]. Basil testified at Petitioner's trial that two men approached him in a Piggly Wiggly parking lot and that one of those men pointed a gun at him and told him to empty his pockets. [Entry #10-2 at 44–47]. Basil testified he gave the gunman his wallet and the keys to his car, and the perpetrators drove off in Basil's car. [Entry #10-2 at 47]. On direct examination, Basil identified Petitioner as the gunman. [Entry #10-2 at 48]. Basil also testified that the man who went to the passenger side of his vehicle did not present a gun during the confrontation. [Entry #10-2 at 49].

PCR counsel then drew trial counsel's attention to Officer Fisher's testimony in which he stated that he apprehended the passenger of the vehicle after it wrecked [Entry #10-2 at 104]. PCR counsel asked trial counsel, "Based on that testimony, did you consider

14

arguing that Officer Fisher had said that he had apprehended the passenger?" [Entry #10-4 at 109]. Trial counsel responded that she did not recall. *Id.* Then PCR counsel asked,

Q:   Do you think based on that testimony that you should have made that argument?
A:   Certainly there was—yeah, I mean, there was a basis for it.
Q:   Do you think in hindsight that it would have been helpful to point out that one of the state's own witnesses supported your theory of the case?
A:   Certainly.

*Id.* The PCR court in its order found that:

> [t]he actual position of the Applicant in the vehicle only went to the weight of the Applicant's claim that he was coerced into committing the crime, but on its own would not absolve him of guilt. In South Carolina, the hand of one is the hand of all, making Applicant's precise position in the vehicle irrelevant. "[The South Carolina Supreme Court] has stated that under 'the hand of one is the hand of all' theory, 'one who joins with another to accomplish an illegal purpose is liable criminally for everything done by his confederate incidental to the execution of the common design and purpose.'"

[Entry #10-4 at 184–85] (internal citations omitted).

The court dismissed the ineffective assistance of counsel claim, in part, because Petitioner had failed to present any evidence to prove what further examination of Fisher would have elicited, observing that it was "at best speculative whether further questions on this subject would have been supportive of or harmful to Applicant's claim that he was the passenger and not the driver of the vehicle in question." [Entry #10-4 at 185]. The court further found that Petitioner had failed to present evidence that the jury would have decided the coercion defense differently had counsel been able to prove that Petitioner had been in the passenger seat. *Id.*

The undersigned's review of the record supports the PCR court's findings. Respondent notes that Fisher initially stated that he apprehended the passenger, but it is not

clear from the record how Fisher knew who was the driver and who was the passenger. [Entry #10-2 at104]. Fisher also testified that the man he arrested (Petitioner) got out on the driver's side after the wreck. [Entry #10-2 at 104–05]. As the PCR court noted, the car had flipped during the wreck, and "common sense dictates that the occupants/contents of the car may have shifted when it flipped." [Entry #10-4 at 184 n.1]. The undersigned agrees that trial counsel was not ineffective for failing to question Fisher on whether Petitioner was the driver or the passenger, as it is still unclear whether further questions on that issue would have helped or hurt Petitioner's argument that he was the passenger.

Trial counsel repeatedly argued that Petitioner was the passenger in the vehicle, and she also referenced the testimony of state witnesses in support of that proposition. [Entry #10-3 at 93–99]. Trial counsel's failure to draw the jury's attention to Fisher's testimony does not rise to the level of ineffective assistance of counsel, particularly where she made the argument that Petitioner was the passenger in the vehicle, and she supported that argument with other evidence presented at trial. *See Strickland v. Washington*, 466 U.S. 669, 691 (1984) (rejecting the use of detailed guidelines for representation and stating that "the performance inquiry must be whether counsel's assistance was reasonable considering all the circumstances).

Independently, Petitioner has not demonstrated he was prejudiced by trial counsel's performance. As the PCR court noted, regardless of whether Petitioner was the driver/gunman or the passenger, he could be liable for the actions of his associate because under South Carolina law "the hand of one is the hand of all." [Entry #10-4 at 184–85].

16

The undersigned finds that Petitioner has failed to overcome the deferential standard of review accorded the state PCR court's determination of this issue and has failed to demonstrate that his counsel's performance was otherwise deficient. Petitioner has not shown that the state court's analysis of this issue misapplied clearly established federal law or, even if there was an error, that it was unreasonable. *See Williams*, 529 U.S. at 410.

Based on the foregoing, Petitioner is not entitled to federal habeas relief on Ground Two and it is recommended that it be dismissed.

III.   Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends that Respondent's motion for summary judgment [Entry #9] be granted and Petitioner's motion for summary judgment [Entry #13] be denied. The court grants Respondent's motion to amend/correct its return and memorandum [Entry #14] to correct a typographical error.

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

June 23, 2014                                              Shiva V. Hodges
Columbia, South Carolina                          United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

17

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).